UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
WALLEY QUINONES,

                Plaintiff,

    -against-

CITY OF NEW YORK; CO JOHN DOE,

                Defendant.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER
16 Civ. 0985 (GBD) (DF)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Plaintiff Walley Quinones initially filed this action against City of New York (the "City") and a C.O. [correction officer] "John Doe" (collectively, "Defendants") on February 8, 2016. (Compl., ECF No. 1.) Plaintiff seeks $100 million in damages. (*Id.* ¶ 42.) He alleges that Defendants violated his constitutional rights[1] by depriving him of adequate medical care at Bellevue Hospital ("Bellevue") while he was in the custody of the New York City Department of Correction ("DOC") in violation of 42 U.S.C. § 1983. (*Id.* ¶¶ 33-39.) Plaintiff alleges that a laser lithotripsy and follow-up procedure resulted in the insertion and unsuccessful removal of a long slender tool into his urethra, (*id.* ¶ 23), causing chronic urethral pain, urinary problems, sexual dysfunction, mental anguish, and depression. (*Id.*, at 12 ¶ 32 – 13 ¶ 34.) Plaintiff alleges that these injuries resulted from Correction Officer John Doe's decision to interrupt his medical care pursuant to a City "policy" that requires permission before an individual in DOC can receive surgery, even in an emergency. (Pl.'s Opp. to Defs.' Mot. to Dismiss ("Pl.'s Opp."), ECF No. 24, at 1-2); *see also* Pl.'s Sur-Reply, ECF No. 32, at 1-2.)

---

[1] It is unclear from Plaintiff's pleading whether, at the time of the alleged events, he was in custody as a pretrial detainee, or had been convicted of a crime and was serving a sentence of incarceration.

This matter was referred to Magistrate Judge Debra Freeman on February 11, 2016. (ECF No. 3.) Before this Court is Magistrate Judge Freeman's Report and Recommendation, ("Report," ECF No. 34), recommending that this Court deny Defendants' motions to dismiss and deem Plaintiff's Complaint amended to include supplemental allegations contained in his opposition and sur-reply submissions. (*Id.* at 26.)[2] This Court is satisfied that the Report contains no clear error of law and adopts the Report in full.

## I. LEGAL STANDARD

This Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The pleadings of parties appearing *pro se* are generally accorded leniency and should be construed "to raise the strongest arguments that they suggest." *See Belpasso v. Port Auth. of N.Y. & N.J.*, 400 F. App'x 600, 601 (2d Cir. 2010) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*…we remain obligated to construe a *pro se* complaint liberally."). This leniency is especially true in the context of civil rights complaints. *See Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001) (noting that a court must be "mindful of the care exercised in this Circuit to avoid hastily dismissing complaints of civil rights violations.").

Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report, at 27); *see also* 28

---

[2] The relevant procedural and factual background is set forth in greater detail in the Report and is incorporated herein.

U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As of the date of this Order, no party has filed objections.

## II. DELIBERATE-INDIFFERENCE CLAIM[3] AGAINST JOHN DOE

Defendants first contend that Plaintiff's claim against Correction Officer John Doe failed to establish a sufficiently serious medical condition caused by Doe's conduct. (*See* Mem. of Law in Supp. of Mot. to Dismiss ("Def. Mem."), ECF No. 17, at 3-6.) According to Defendants, Plaintiff only suffered a "transient moment" of "excruciating pain" while the doctors at Bellevue Hospital tried to remove a tool from his urethra. (*See id.* at 4.) Defendants further allege that this "excruciating pain" cannot be associated with Defendants' act or failure to act, as Doe was not present during this time, and Plaintiff does not allege that the pain continued while awaiting the follow-up procedure. (*See id.* at 4-5.)

At the outset, Plaintiff's Complaint plausibly articulates a sufficiently serious medical condition by demonstrating that he was experiencing extreme pain. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see, e.g.*, *White v. Ulloa*, No. 15cv8875, 2016 WL 7351895, at *4 (S.D.N.Y. Dec. 19, 2016) (denying motion to dismiss deliberate-indifference claim where plaintiff alleged that defendant's deprivation of medical care caused an infection and swelling "so painful that it was difficult or impossible for [him] to sleep during the three weeks he was not treated"); *Rivera v. Goord*, 119 F. Supp. 2d 327, 332, 337 (S.D.N.Y. 2000) (finding allegations of deprivation of pain medication for "severe," "unbearable," and "great" pain to be sufficient at the pleading stage where the side effects included migraine headaches, infections, severe burning

---

[3] "[I]n order to state a claim for deliberate indifference to serious medical needs, a plaintiff must allege that the defendant 'knew of and disregarded an excessive risk to [plaintiff's] health or safety and that she was both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.'" *Smith v. City of New York*, No. 15cv7910, 2016 WL 7471334, at *3 (S.D.N.Y. Dec. 28, 2016) (citations omitted).

3

in his eyes, impaired vision, and partial loss of hearing). Plaintiff's Complaint similarly alleges excrutiating pain, bleeding, and urination from the stent remaining in his urethra. (Compl. ¶ 23-30.) There is no support found in Plaintiff's Complaint for Defendants' characterization that this pain was merely a "transient moment" lasting only during the procedure. (*See* Def. Mem., at 5.) Rather, Plaintiff alleges that he screamed in pain in front of Doe after the initial surgery occurred. (Pl.'s Sur-Reply, at 1-2 ("the C.O. was there[,] [and] saw me and heard me").) While this information was not initially in Plaintiff's Complaint, "where a *pro se* plaintiff has submitted other papers to the [c]ourt, such as legal memoranda, the [c]ourt may consider statements in such papers to supplement or clarify the plaintiff's pleaded allegations."). *Sommersett v. City of New York*, No. 09cv5916, 2011 WL 2565301, at *3 (S.D.N.Y. June 28, 2011).

Moreover, Plaintiff's Complaint articulates a plausible connection between Defendants' conduct and Plaintiff's extreme pain, as Plaintiff contends that Defendants' decision to interrupt his care to seek approval for treatment caused the injuries underlying his claims. (Pl.'s Sur-Reply, at 1.) *See, e.g., Jones v. Westchester Cty. Dep't of Corr. Med. Dep't*, 557 F. Supp. 2d 408, 415 (S.D.N.Y. 2008) (finding it plausible that prison officials' refusal to allow plaintiff to undergo surgery "caused [plaintiff] to suffer, or at least exacerbated, a 'serious medical condition'"); *cf. Law v. Corizon Med. Serv.*, No. 134cv5286, 2014 WL 2111675, at *4 (S.D.N.Y. May 9, 2014) (noting that, where the basis of a plaintiff's deliberate-indifference claim is a "temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone" (internal quotation marks and citation omitted)). Therefore, irrespective of whether Doe originally caused Plaintiff's harm, an interruption in medical treatment can plausibly prolong or add to the injuries suffered. (*See* Report, at 16.)

Defendants argue that even if this Court finds that Plaintiff's Complaint satisfies the first element of deliberate-indifference, Plaintiff fails to establish the second element: that Defendant acted with a "sufficiently culpable state of mind" in depriving Plaintiff of medical treatment. (*See* Def. Mem., at 5.) Defendants contend that Plaintiff has not sufficiently alleged any statement or explanation purporting to demonstrate Doe's motives for preventing the follow-up procedure. (*Id.*) However, Plaintiff plausibly articulates Defendants' culpable state of mind by alleging that Defendant: (1) heard his screams as he was bleeding, (Pl.'s Sur-Reply, at 1-2); (2) was told by a doctor that the situation was an emergency, (Pl.'s Opp., at 1); (3) was told that "they had to correct the problem immediately," (Pl.'s Sur-Reply, at 1); and (4) Defendant "did not care." (Pl.'s Opp., at 1.) Instead, Defendant acted to prevent the surgery from occurring promptly. With allegations that Defendant possessed this information, Plaintiff's Complaint plausibly alleges that Doe acted knowingly in depriving Plaintiff of necessary medical treatment. (Report, at 19.)

At this early pleading stage, Plaintiff's claim supports a plausible inference of cruel and unusual punishment in violation of his constitutional rights. Accordingly, this Court accepts Magistrate Judge Freeman's recommendations that Plaintiff's Complaint be deemed to include allegations from the opposition and sur-reply, and that Defendants' motion to dismiss against the John Doe Correction Officer be denied. (*Id.* at 20.)

### III. CLAIM AGAINST THE CITY

Defendants claim that the Complaint fails to "specify, reference, or even allude to a policy, practice or custom causally connected to an alleged deprivation of his civil rights." (Def. Mem., at 7.) *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694-95 (1978) (A municipal entity may be held liable under Section 1983 where a plaintiff demonstrates that the

constitutional violation complained of was caused by a municipal "policy or custom."). While Plaintiff's Complaint alone fails to establish any policy under which Defendant was operating, Plaintiff asserts in his opposition brief that the Correction Officer stated he "had to ask for permi[ss]ion" before Plaintiff received treatment. (Pl.'s Opp., at 1.) *Burgess v. Goord*, 98cv2077, 1999 WL 33458, at *1 n.1 (S.D.N.Y. Jan. 26, 1999) (explaining that "the mandate to read the papers of *pro se* litigants generously makes it appropriate to consider plaintiff's additional materials, such as his opposition memorandum" to supplement the allegations in the complaint); *see also, e.g., Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*, No. 13cv2737, 2014 WL 4061157, at *3 (S.D.N.Y. July 11, 2014) (amended report and recommendation).

From the Correction Officer's language, Plaintiff argues that allowing the surgery to occur without permission would have violated an implied policy, practice, or custom. (Pl.'s Sur-Reply, at 2.) Liberally construed, the Complaint can be read to allege that the City had no protocol or inadequate procedures in place for emergency medical care situations. (*See* Pl.'s Opp., at 2.) While Plaintiff alleges only one incident involving the Defendant, "[p]roof of a single incident of unconstitutional activity" may be sufficient to establish *Monell* liability where "proof of the incident includes proof it was caused by an existing, unconstitutional municipal policy." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). The Correction Officer's statement serves as a sufficient allegation that a policy requiring permission and restricting independent judgment of doctors to treat certain patients was in place, thereby limiting the ability to move ahead with Plaintiff's follow-up surgery.

At this early stage, the Complaint and opposition papers together "allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists."

*Santos v. N.Y.*, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012). Therefore, Plaintiff should be allowed to seek discovery regarding what "permission," if any, City policy required Defendant to obtain before appropriate medical treatment could be administered. (Report, at 23.) This Court accepts Magistrate Judge Freeman's recommendations that the Complaint be deemed to include allegations from the opposition and sur-reply and that the motion to dismiss claims against the City be denied.[4] (*Id.* at 24.)

### III. CONCLUSION

Having adopted the Report in full, Defendants' motion to dismiss is DENIED.[5]

The Clerk of Court is directed to close the motion at ECF No. 15.

Dated: New York, New York
February ____, 2017

FEB 28 2017

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[4] While this Court could grant Plaintiff leave to amend his pleading, it is doubtful that the *pro se* Plaintiff, without discovery, could add any further detail than what has already been articulated in his Complaint, Opposition, and Sur-Reply.

[5] Although not at issue with Defendants' motion to dismiss, Plaintiff's Complaint also alleges that "the jail gave me bad tre[a]tment for months." (Compl., at 3 ¶ II(D).) Plaintiff has pleaded no facts to support this allegation and this Court dismisses this claim *sua sponte*. Furthermore, this Court need not address Defendants' argument regarding lack of supplemental jurisdiction because Defendants' motions to dismiss were denied, and viable federal claims remain before this Court.

7