

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

WALLEY QUINONES,

                Plaintiff,

-against-

CITY OF NEW YORK and CO JOHN DOE,

                Defendants.

------------------------------------- x

<u>MEMORANDUM DECISION
AND ORDER</u>

16 Civ. 985 (GBD) (DF)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Walley Quinones, *pro se*, brings this action under 42 U.S.C. § 1983 against Defendants City of New York (the "City") and an unidentified correction officer, alleging he was deprived of adequate medical care while he was in the custody of the New York City Department of Correction. (*See* Compl., ECF No. 1.) The City moves for summary judgment, arguing that Plaintiff's claims are barred by a general release he executed in connection with the settlement of another action against the City.[1] (Def.'s Mot. for Summ. J. ;[2] ECF No. 42; Mem. in Supp. of Def.'s Mot. for Summ. J., ECF No. 43.) Plaintiff has not responded to the City's motion.[3]

This matter was referred to Magistrate Judge Debra Freeman for general pretrial supervision, as well as to report and recommend on any dispositive motions. (ECF No. 3.) Before this Court is

---

[1] The motion is made only on behalf of the City and not the John Doe defendant, who is represented by the same counsel as the City. Despite several apparent attempts to do so, the City claims it has been unable to ascertain the identity of the correction officer who allegedly interfered with Plaintiff's medical care. (*See* Aff. of Florina Getman dated Jan. 13, 2017, ECF No. 35.)

[2] Although the City's motion is filed on the court's electronic filing system as a "Motion to Dismiss," it seeks relief pursuant to Rule 56 of the Federal Rules of Civil Procedure. (*See* ECF No. 42.) The City's motion is thus properly referred to as one for summary judgment under Rule 56.

[3] Plaintiff's last involvement in this case is his letter to the court dated December 19, 2016, (ECF No. 32), advising of his new address after having been released from custody, to which copies of all subsequent correspondence and filings have been mailed.

Magistrate Judge Freeman's July 13, 2018 Report and Recommendation ("Report", ECF No. 46), recommending that this Court deny without prejudice the City's motion for summary judgment due to its failure to support the motion with admissible evidence. (*Id.* at 7.) In her Report, Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 7–8.) No objections have been filed, nor has the City taken any action to cure the technical deficiencies.

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARDS

### A. Report and Recommendations

A court may accept, reject, or modify, in whole or in part, the findings set forth in a report and recommendation. 28 U.S.C. § 636(b)(1)(C). Where no party files objections to a report and recommendation, as here, the court may adopt it if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Summary Judgment

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 248 (1986)). A fact is material when "it 'might affect the outcome of the suit under the governing law.'" *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). The moving party may satisfy that burden only by submitting evidence in admissible form to support the material facts claimed to be undisputed. *Ehrens v. Lutheran Church*, 385 F.3d 232, 235 (2d Cir. 2004); *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1223 (2d Cir. 1994). A party asserting that a fact is not genuinely disputed must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1); *see also* S.D.N.Y. Local Civil Rule 56.1 (requiring party moving for summary judgment to submit a statement of material facts as to which there is no genuine issue to be tried, with "citation[s] to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)"). In addition, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Although the non-moving party must generally "come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment," *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008), it is well settled that summary judgment may not be granted on default. *See Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004). Thus, where no opposition to a summary judgment motion is filed, as here, the court must be

3

satisfied that "each [assertion] of material fact is supported by record evidence sufficient to satisfy the movant's burden of production." *Jackson v. Fed. Express*, 766 F.3d 189, 194 (2d Cir. 2014).

## II. SUMMARY JUDGMENT IS DENIED

The City argued that Plaintiff's claims in this action are barred by a general release he executed in connection with a settlement of an unrelated case against the City. (Def.'s Mem. at 1.) The City's motion for summary judgment, however, is unsupported by admissible evidence, as required by Federal Rule of Civil Procedure 56(c), and unaccompanied by a statement of undisputed facts, as required by Local Rule 56.1. The only affidavit submitted in support of the motion is an attorney declaration, which attaches no exhibits and does not even reference the circumstances under which the putative general release was executed.[4] Instead, the settlement containing the putative general release appears to have been annexed to the City's memorandum of law. (*See* Def.'s Mem., Ex. B, ECF No. 43-2.)

The Report correctly found that the City's motion for summary judgment should be denied as insufficiently supported. (Report at 5–6.) As the Report notes, the City has failed to "properly

---

[4] The declaration states only the following:

> 1. I am an associate of the law firm of HEIDELL, PITTONI, MURPHY & BACH, LLP, counsel for defendant THE CITY OF NEW YORK in the above-captioned matter. As such, I am fully familiar with all of the proceedings had herein and submit this declaration in support of the defendants' motion for Summary Judgment for dismissal of the plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 56, on the ground that plaintiff's claims against the defendants are barred by General Release.
>
> 2. As set forth in defendants' Memorandum of Law dated October 26, 2017, defendants are entitled to dismissal of plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 56, on the ground that plaintiff's claims against the defendants are barred by General Release.

(Decl. of Tucker Kramer dated Oct. 30, 2017, ECF No. 44, at 1.)

4

submit[] *any* evidence in support of its motion." (*Id.* at 6.) The only affidavit submitted does not provide any information to authenticate or demonstrate the putative release's admissibility, nor does it explain the release's origin or the basis for the declarant's belief that Plaintiff is the person who signed it. Moreover, the affidavit contains no certification, based on personal knowledge, that the document is what the City claims it to be. Accordingly, the Report properly concluded that this Court may not consider the putative general release in deciding the City's motion for summary judgment.

As the City's motion is based entirely on a reference to a general release that has not been shown to be properly authenticated or admissible, its motion for summary judgment is DENIED.

\* \* \*

This Court will hold a status conference in this matter on September 26, 2018, at 9:45 a.m. As noted, Plaintiff's last communication with the court was his December 19, 2016 letter advising of his new address. (*See* ECF No. 32.) In over a year and a half since that time, Plaintiff failed to respond to Defendants' motion to dismiss, (ECF No. 15), which this Court denied, as well as the City's subsequent motion for summary judgment. Accordingly, and in view of Plaintiff's prolonged lack of participation in this case, should Plaintiff fail to appear for the September 26, 2018 conference, this Court will entertain a motion by Defendants to dismiss the action for failure to prosecute.

### III. CONCLUSION

The City's motion for summary judgment, (ECF No. 42), is DENIED without prejudice.

Dated: New York, New York
August 2, 2018

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

5