USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 1 1 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
WALLEY QUINONES,

                Plaintiff,

    -against-

CITY OF NEW YORK and CO JOHN DOE,

                Defendants.
------------------------------------- x

MEMORANDUM DECISION
AND ORDER

16 Civ. 985 (GBD) (DCF)

GEORGE B. DANIELS, United States District Judge:

    *Pro se* Plaintiff Walley Quinones brings this action under 42 U.S.C. § 1983 against Defendants the City of New York (the "City") and correction officer "John Doe," alleging that Defendants violated his constitutional rights by depriving him of adequate medical care at Bellevue Hospital ("Bellevue") while he was in the custody of the New York City Department of Correction. (Compl., ECF No. 1.) The City moves for summary judgement, seeking to dismiss all of Plaintiff's claims on the basis that he is barred by a release signed by Plaintiff on July 5, 2017 that covered all civil rights and related claims that Plaintiff had against the City and its agents up to the date of the release. (Notice of Mot., ECF No. 60.)

    Before this Court is Magistrate Judge Debra C. Freeman's July 18, 2019 Report and Recommendation (the "Report"), recommending that the City's motion for summary judgment be granted, that judgment be entered also in favor of Doe, and that this action be dismissed with prejudice. (Report, ECF No. 70, at 1, 16.) Magistrate Judge Freeman advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 16.) No objections have been filed. Having reviewed the Report for clear error and finding none, this court ADOPTS the Report in full.

## I. FACTUAL BACKGROUND

### A. Plaintiff's Medical Procedure.

Plaintiff commenced this action on February 8, 2016, seeking damages for pain and "severe and lasting injur[ies]" that he allegedly sustained while in the City's custody at Rikers Island ("Rikers"). (Compl. at 8 ¶ 1, 12 ¶ 32 – 13 ¶ 34.) Specifically, on November 15, 2014, Plaintiff underwent a medical procedure at Bellevue to remove a stent from a previous procedure. (*See id.* at 11 ¶ 20.) During the attempted stent removal, Plaintiff experienced complications when the doctors performing the procedure were unable to remove a tool that had been inserted through Plaintiff's urethra and apparently had become lodged there. (*See id.* at 11 ¶ 23 – 12 ¶ 26.) Plaintiff alleges that this complication caused him "extreme and excruciating" pain requiring emergency surgery. (*See id.* at 12 ¶¶ 28, 31.) Plaintiff further alleges that a doctor told Doe, a correction officer stationed at Bellevue, that Plaintiff required emergency corrective surgery to remove the tool, but that Doe prevented Plaintiff from promptly receiving such medical attention, purportedly pursuant to a City "policy" requiring the officer to obtain permission before allowing a Rikers detainee to undergo surgery. (*See id.* at 12 ¶ 31; Pl.'s Letter dated Oct. 6, 2016, ECF No. 24.) According to Plaintiff, the delay in having the corrective surgery caused him to suffer pain that was "something inhumane," (Pl.'s Letter dated Dec. 19, 2016, ECF. No. 32, at 1), and "severe and lasting injur[ies]," (Compl. at 12 ¶ 32), including chronic urethral pain, urinary problems, sexual dysfunction, mental anguish and distress, and depression, (*id.* at 13 ¶ 34).

### B. Defendants' Motion to Dismiss.

On August 12, 2016, Defendants moved to dismiss Plaintiff's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Notice of Mot., ECF No. 15). Defendants argued that Plaintiff failed to sufficiently allege that Defendants were deliberately

2

indifferent to Plaintiff's medical needs, or that any official policy, practice, or custom was causally connected to an alleged deprivation of Plaintiff's civil rights. (Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 17, at 1.) Defendants further argued that this Court should decline to exercise supplemental jurisdiction over any pendent state law claims for medical malpractice or negligence. (*Id.* at 8.)

On February 28, 2017, this Court adopted Magistrate Judge Freeman's Report and Recommendation dated January 6, 2017, (ECF No. 34), and denied Defendants' motion to dismiss. (Mem. Decision and Order dated Feb. 28, 2017, ECF No. 37). This Court also adopted Magistrate Judge Freeman's recommendation that Plaintiff's complaint be deemed amended to include supplemental allegations set forth in his opposition and sur-reply submissions. (*Id.*)

### C. The City's Letter Request for Dismissal.

Subsequently, on September 12, 2017, the City submitted a letter to Magistrate Judge Freeman, advising her that it had been "recently informed" of a prior action filed by Plaintiff against the City. (Def. City's Letter dated Sept. 12, 2017, ECF No. 39.) According to the City, as part of the settlement of that case, Plaintiff agreed, "in exchange for a sum of money, . . . to dismiss 'any and all liability, claims, or rights of action alleging a violation of plaintiff's civil rights and any and all state law claims' against the 'City of New York . . . and all past and present officials, employees, representatives and agents.'" (*Id.* (quoting Stipulation of Settlement dated July 6, 2017, *Quinones v. Miller*, No. 15 Civ. 1109 (NRB), ECF No. 115-1, ¶ 2).) The City stated that "[i]n light of this development, [it] respectfully request[s] an order from the Court dismissing plaintiff's claims in this matter with prejudice." (*Id.*)

Magistrate Judge Freeman issued an order directing the City to file an answer to Plaintiff's complaint by September 29, 2017. (Order dated Sept. 14, 2017, ECF No. 40, ¶ 1.) She noted in

3

the order that if the City wished to plead an affirmative defense based on Plaintiff's purported execution of a release, then the City should do so in its answer, (*id.*), and that if the City then wished to move for summary judgment based on the release, then it should do so by October 30, 2017, (*id.* ¶ 2).

### D. The City's First Motion for Summary Judgment.

On September 29, 2017, the City filed an answer in which it asserted as an affirmative defense that the instant action is barred by a general release entered into between Plaintiff and the City in a different action. (Answer to Pl.'s Complaint, ECF No. 41, at 5.) Subsequently, on October 30, 2017, the City moved for summary judgment, arguing that Plaintiff's claims are barred by this release, which Plaintiff allegedly executed in connection with a settlement of his other action. (Notice of Mot., ECF No. 42; Mem. of Law in Supp. of Mot. for Summ. J., ECF No. 43.) Magistrate Judge Freeman issued a Report and Recommendation on July 13, 2018, (ECF No. 46), recommending that this Court deny the City's motion without prejudice due to the City's failure to support the motion with admissible evidence. This Court adopted Magistrate Judge Freeman's recommendation on August 2, 2018. (Mem. Decision and Order dated Aug. 2, 2018, ECF No. 50.)

### E. The City's Renewed Motion for Summary Judgment.

On November 15, 2018, the City filed a renewed motion for summary judgment that is now before this Court. (Notice of Mot., ECF No. 60). As in its previous motion, the City argued that a release that Plaintiff executed as part of a settlement of an earlier action against the City "constitutes a complete bar to [the instant] lawsuit." (Mem. of Law in Supp. of Mot. for Summ. J. ("Def. City's Mem."), ECF No. 62 at 1.) The City supported its motion with, *inter alia*, an attorney declaration attaching as exhibits "true and complete copies" of the settlement papers and

4

release. (Decl. of Alejandra R. Gil, Esq. in Supp. of Def.'s Mot. for Summ. J. ("Gil Decl."), ECF No. 61; Gil Decl., Ex. E (Settlement Docs. and Release), ECF No. 61-5.) The City also included an affidavit by an attorney who represented the City in the earlier action, and who authenticated the copy of the release submitted in support of the City's renewed motion. (Gil Decl., Ex. F (Aff. of Melanie Speight, Esq.), ECF No. 61-6.)

As set forth in the City's motion and duly submitted supporting documentation, Plaintiff had commenced the earlier action against the City, as well as against several correction officers, on February 17, 2015 (the "2015 Action"). (Def.'s Statement of Undisputed Facts for Summ. J., ECF No. 63, ¶ 9; Gil Decl., Ex. D (2015 Action Compl.), ECF 61-4.) In the 2015 Action, Plaintiff alleged that the defendant correction officers beat him, sprayed his face with chemicals, and forced him to undergo a rectal search. (Gil Decl., Ex. D (2015 Action Compl.), ¶ 1.) On July 6, 2017, Plaintiff, who was represented by counsel, reached a settlement with the City and the correction officers. (Gil Decl., Ex. E (Settlement Docs. and Release).) Under the settlement, the City agreed to pay Plaintiff $3,000. (*Id.* at 7.) In exchange, Plaintiff agreed to dismiss his claims in the 2015 Action and to sign a release of any civil rights claims and related claims that he had against the City and its agents and employees (the "Release"). (*Id.*) The Release provided, in pertinent part, that Plaintiff:

> hereby release[s] and discharge[s] defendants City of New York[] [and correction officers]; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York . . ., collectively, the "RELEASEES," from any and all liability, claims, or rights of action alleging a violation of [Plaintiff's] civil rights and any and all related state law claims, from the beginning of the world to the date of this General Release.

(*Id.* at 10.) According to the City, the Release in the 2015 Action "unequivocally bars" Plaintiff's clams in the instant action. (Def. City's Mem. at 5.)

5

In response to the City's renewed summary judgment motion, Plaintiff wrote a letter to this Court, which he requested "be deemed [his] answer to all of the Defendant's previously submitted and pending application(s)." (Pl.'s Letter dated Dec. 17, 2018, ECF No. 66, at 4.) Plaintiff noted in his letter that "[a]ll previous motions for summary judgment" submitted by the City had been denied by this Court, and that Plaintiff had not received a copy of any order granting the City leave to file a "successive" summary judgment motion. (*Id.* at 2.) He argued that the City has engaged in "bad faith efforts to tire the Court and [Plaintiff] of its persistence, which [Plaintiff] find[s] to be an abuse of the litigation process." (*Id.* at 3.)

The City responded to Plaintiff's letter through its own letter to Magistrate Judge Freeman, noting that the order granting the City leave to file a renewed motion had been mailed to a facility where Plaintiff was no longer incarcerated. (Def. City's Letter dated Dec. 18, 2018, ECF No. 65 at 1–2.) The City accordingly mailed another copy of the order to Plaintiff at the correct facility. (*Id.* at 2.) In its letter to Magistrate Judge Freeman, the City indicated that it would not object to Plaintiff being granted additional time to submit an opposition to the City's renewed motion. (*Id.*)

Magistrate Judge Freeman extended Plaintiff's time, to February 22, 2019, to file an opposition to the City's summary judgment motion. (Memo Endorsement, ECF No. 67.) On February 22, 2019, Plaintiff submitted a second letter, requesting an additional extension of that deadline. (Pl.'s Letter dated Feb. 22, 2019, ECF No. 68.) Magistrate Judge Freeman granted that request, further extending the deadline to April 30, 2019. (Memo Endorsement, ECF No. 69.) Plaintiff has filed no formal opposition to the City's motion, aside from the two letters described above.

## II. LEGAL STANDARDS

### A. Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B. Rule 56 Motion for Summary Judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248) (internal quotation marks omitted).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it

7

"may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)) (internal quotation marks omitted). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See id.* However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation and internal quotation marks omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

### III. PLAINTIFF'S CLAIMS ARE BARRED BY THE RELEASE

Magistrate Judge Freeman appropriately found that dismissal of Plaintiff's claims is warranted, given the Release that he executed in the 2015 Action. Under New York law, "a valid release which is clear and unambiguous on its face and which is knowingly and voluntarily entered into" is enforceable and binding, barring "a showing of fraud, duress, undue influence, or some other valid legal defense." *David & Assoc., Inc. v. Health Mgmt. Servs., Inc.*, 168 F. Supp 2d 109, 113 (S.D.N.Y. 2001) (citation and internal quotation marks omitted). "Where the language of a release is clear, effect must be given to the intent of the parties as indicated by the language

employed." *Mateo v. Carinha*, No. 14 CV 9020-LTS, 2019 WL 1409727, at *3 (S.D.N.Y. Mar. 28, 2019) (quoting *Tromp v. City of New York*, 465 Fed. App'x 50, 51 (2d Cir. 2012)) (internal quotation marks omitted). Here, the Release expressly covers "any and all liability, claims, or rights of action alleging a violation of [Plaintiff's] civil rights and any and all related state law claims." (Gil Decl., Ex. E (Settlement Docs. and Release), at 10.) Magistrate Judge Freeman correctly found the language of the Release to be "unambiguous" and "broad enough to cover the constitutional and related state-law claims brought by Plaintiff in this case." (Report at 13–14.) She also correctly found that Defendants in this case, including both the City and Doe, "fall within the Release's definition of the intended 'Releasees.'" (*Id.* at 13.)

Magistrate Judge Freeman also properly determined that it is "irrelevant" that the instant action was commenced prior to the execution of the Release, since the Release "by its terms, covers all civil-rights and related claims that Plaintiff may have had against the City and its agents 'from the beginning of the world' to the date of the Release." (Report at 14 (quoting Gil Decl., Ex. E (Settlement Docs. and Release), at 10).) Moreover, it is undisputed that the events at Bellevue that are the subject of this action occurred in 2014 and that Plaintiff commenced this action in 2016. (*Id.*) Thus, as Magistrate Judge Freeman noted, Plaintiff was "obviously well aware" of his claims asserted in this action when he signed the Release in 2017. (*Id.*)

Finally, as Magistrate Judge Freeman correctly observed, Plaintiff has not come forward to dispute the validity or enforceability of the Release or to oppose the substance of the City's motion in any meaningful manner. (Report at 15). Indeed, despite being aware of the City's renewed motion "for months," being afforded extensions of time to file a substantive opposition, and having the opportunity to file objections to the Report, Plaintiff's only response to date "has consisted of an accusation that the City has acted in bad faith by filing multiple applications

9

seeking the dismissal of this action." (*Id.*) Therefore, Plaintiff's claims against the City and Doe are dismissed with prejudice.

## IV. CONCLUSION

Magistrate Judge Freeman's Report is ADOPTED. The City's motion for summary judgment, (ECF No. 60), is GRANTED. The Clerk of Court is directed to close the motion accordingly, and to mail a copy of this memorandum decision and order to Plaintiff at Marcy Correctional Facility, P.O. Box 3600, Marcy, New York 13403.

Dated: New York, New York
       September 11, 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge